IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:18-cv-84 |
| | ) | |
| v. | ) | |
| | ) | |
| HOWARD BACH | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## UNITED STATES OF AMERICA'S ORIGINAL COMPLAINT

The United States of America, pursuant to 31 U.S.C. § 3711(g)(4)(C), at the direction of

the Attorney General of the United States, or his delegate, and at the request of the Secretary of

the Treasury, or his delegate, files this Complaint against Defendant Howard Bach ("Bach") to

reduce to judgment and collect outstanding civil penalties (31 U.S.C. § 5321(a)(5), commonly

known as FBAR penalties) assessed against them for their willful failure to timely report their

financial interest in foreign bank accounts as required by 31 U.S.C. § 5314 and its implementing

regulations, plus accrued interest on the assessed penalties, late payment penalties and associated

fees. Additionally, the United States intends to proceed under the Federal Debt Collection

Practices Act (28 U.S.C. § 3001 et seq.) to collect any judgment it obtains in this case, including

the use of all appropriate pre-judgment remedies, post-judgment remedies and the additional

surcharge as authorized by 28 U.S.C. § 3011. In support hereof, the United States alleges as

follows:

## JURISDICTION AND VENUE

1.      The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1345 and 1355 because this action arises under a federal statute for the recovery of a penalty, and the United States is the Plaintiff.

2.      Bach lives in Laredo, Texas. As such, venue is proper in this district under 28 U.S.C. § 1391 and 1395.

## BACH'S FAILURE TO TIMELY REPORT HIS FINANCIAL INTEREST IN FOREIGN BANK ACCOUNTS

3.      31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States citizens to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the IRS for each year in which such relationship exists. 31 C.F.R. § 1010.350(a).

4.      To fulfill this requirement, a person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." *See id.* For the 2007, 2008 and 2009 years at issue, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).[1]

---

[1] Beginning with the 2016 tax year, the due date of the FBAR form changed to April 15. Pub. L. No. 114-41, § 2006(b)(11).

*Bach's financial interest and signature authority in French and Swiss Accounts.*

5.      Howard Bach is a United States citizen who resides in Laredo, Texas.

6.      On information and belief, Mr. Bach moved to France in 1987, and returned to the United States in 1996.

7.      Bach has at least three foreign financial accounts, which at one time were jointly owned with his late wife, Carol Bach.

8.      Bach has a checking account at BNP Paribas in Paris, France, which was opened in 1986 and remains open.

9.      Bach has a securities retirement account at Lienhardt & Partner in Zurich, Switzerland which was opened on January 30, 2001 and remains open.

10.      Bach also has a securities account at Zürcher Kantonalbank ("ZKB") in Kusnacht, Switzerland which was opened on May 28, 2003 and remains open.

11.      For the years 2003 – 2010, Bach disclosed his interest in the ZKB account, timely filed FBARs for the ZKB account, and interest income therefrom was reported on the Bachs' U.S. income tax returns.  Accordingly, the penalty assessments described below do not include amounts from this account.  Bach did not, however, disclose his interest in the BNP Paribas Account or the securities retirement account at Lienhardt & Partner on an FBAR, or his U.S. income tax returns.

12.      Due to his ownership of, control of, or financial interest in, the above-referenced accounts, and his non-disclosure of them, Bach entered into the 2011 Offshore Voluntary Disclosure Initiative ("OVDI") program on August 11, 2011.  Bach was accepted into the OVDI program on October 24, 2011.

13.     As self-reported by Bach in the OVDI program, the high balances of Mr. Bach's foreign accounts from 2003 through 2010 were as follows:

| Year | Lienhardt & Partner | ZKB | BNP Paribas |
|------|---------------------|-----|-------------|
| 2003 | $1,969,456 | $100,000 - $1,000,000 | $31,492 |
| 2004 | $2,233,405 | $100,000 - $1,000,000 | $25,548 |
| 2005 | $1,426,499 | $100,000 - $1,000,000 | $13,205 |
| 2006 | $1,860,478 | $100,000 - $1,000,000 | $19,613 |
| 2007 | $2,274,477 | $100,000 - $1,000,000 | $24,567 |
| 2008 | $2,023,103 | $103,544 | $16,592 |
| 2009 | $1,685,592 | $21,254 | $16,849 |
| 2010 | $1,593,668 | $20,146 | $11,035 |

14.     Pursuant to Bach's involvement in the 2011 OVDI program, he was issued a Closing Agreement (Form 906).  However, Bach did not sign the Closing Agreement.

15.     Bach was removed from the OVDI program on November 20, 2014.  Bach was notified of his removal from the program on Letters sent on May 6, 2015, and July 21, 2015, but he did not respond to these letters.

16.     Bach's unreported foreign income for the 2004 through 2010 years from the BNP Paribas account and the Lienhardt & Partners account is as follows:

| Year | Foreign Interest Income | PFIC[2] Gains | PFIC Income | Long Term Capital Gains/ (Losses) |
|------|------------------------|---------------|-------------|-----------------------------------|
| 2003 | $52,964 | $0 | $0 | ($57,620) |
| 2004 | $41,898 | $5,007 | $1,672 | $0 |
| 2005 | $17,398 | $2,282 | $380 | ($28,666) |
| 2006 | $14,845 | $10,288 | $1,469 | ($18,325) |
| 2007 | $17,788 | $319,371 | $39,894 | ($1,207) |
| 2008 | $18,106 | $0 | $0 | ($48,545) |
| 2009 | $10,669 | $63,527 | $29 | $0 |
| 2010 | $9,491 | $674 | $0 | $0 |
| **Total** | $183,159 | $401,149 | $43,444 | ($154,363) |

17.     The tax deficiencies related to the unreported foreign income for each years from

2003 through 2010 is as follows:

| Year | Deficiency |
|------|-----------|
| 2003 | $4,707 |
| 2004 | $5,074 |
| 2005 | $1,709 |
| 2006 | $4,728 |
| 2007 | $143,206 |
| 2008 | $0 |
| 2009 | $27,447 |

---

[2] PFIC stands for "passive foreign investment company" as defined in 26 U.S.C. § 1297.

| | |
|---|---|
| 2010 | $297 |
| **Total** | $187,168 |

18.     As a United States citizen, Bach was subject to taxation on his worldwide income, including the income listed in the preceding table.

19.     Bach had a financial interest in, beneficial interest, control and/or signatory authority over the the BNP Paribas Account, and the Lienhardt & Partner Account.

20.     During years 2003 – 2010, the balances BNP Paribas Account and the Lienhardt & Partner Accoutn exceeded $10,000, triggering a duty on Bach to timely file an FBAR, disclosing the accounts, which he did not do.

***Bach's failure to disclose their foreign bank accounts was willful.***

21.     For the years 2003 through 2010, Bach filed a Schedule B with his original federal income (Form 1040) tax return, and checked "Yes" in regards to having a financial interest in or signature authority over a financial account located in a foreign country.  As such, Bach had knowledge the requirement to disclose foreign bank accounts.

22.     However, Bach only reported amounts for his ZKB account, and only listed Switzerland as the foreign country where the financial account was located.

23.     Bach omitted both the BNP Paribas account, and the Lienhardt & Partner account on this Schedule B.  Bach further omitted that he had an account in France.  Bach did not file an FBAR for the BNP Paribas account or the Lienhardt & Partner account.

24.     On information and belief, Bach only provided information regarding the ZKB account to his tax return preparer, and did not provide information on the BNP Paribas account, or the Lienhardt & Partner account.

**Bach's FBAR Penalty Assessments.**

25.     31 U.S.C. § 5321(a)(5) provides for the imposition of civil penalties for a willful

failure to comply with the reporting requirements of Section 5314 – *i.e.* when the person(s)

maintaining a foreign account fails to timely file an FBAR reporting that account despite having

an obligation to do so. For violations involving the willful failure to report the existence of an

account, the maximum amount of the penalty that may be assessed is 50% of the balance of the

account at the time of the violation or $100,000, whichever is greater. 31 U.S.C.

§ 5321(a)(5)(C)(i).

26.     The IRS may also abate part of the FBAR penalty, such that the penalty imposed

may be less that the 50% account-balance maximum.

27.     On June 20, 2016, due to Bach's willful failure to timely file FBARs reporting his

financial interest in the BNP Paribas and Linehard & Partner accounts, a delegate of the

Secretary of the Treasury assessed penalties against him pursuant to 31 U.S.C. § 5321(a)(5) as

follows:

| Year | Lienhardt & Partner | BNP Paribas | Total |
|------|---------------------|-------------|-------|
| 2009 | $396,949 | $3,968 | $400,917 |
| 2010 | $398,160 | $2,757 | $400,917 |
|      |          | Total | $801,834 |

This amount has accrued, and continues to accrue interest and penalties, until paid.  As of May

26, 2017, the total outstanding balance consisting of the FBAR penalties, penalties for late

payment under 31 U.S.C. § 3717(e)(2) and interest, is **$853,119.20**.

28.     The IRS assessments of the FBAR penalties against Bach are timely. Pursuant to

31 U.S.C. § 5321(b)(1), the statute of limitations on the assessment of an FBAR penalty is six

years from the date of the violation. The Form TD F 90-22.1, or FBAR, for the 2009 year was

due on June 30, 2010. Thus, the last day for the assessment of the FBAR penalty for 2009 would

have been June 30, 2016. Similarly, the last day for the assessment of the FBAR penalty for 2010

would have been June 30, 2017.

29.     A delegate of the Treasury Secretary gave notice and demand of the penalty

assessments for 2009 and 2010 to Bach.

30.     Despite the notice and demand for payment, Bach has failed to pay the FBAR

penalties assessed against him. Therefore, interest and other statutory additions continue to

accrue on the unpaid assessments.

31.     Pursuant to 31 U.S.C. § 5321(b)(2), a suit to reduce to judgment an FBAR

assessment must be commenced within two years from the date of assessment (June 20, 2016).

Accordingly, the United States timely file suit in this matter.

WHEREFORE, the United States of America requests as follows:

1.  That the Court enter judgment in favor of the United States and against Howard Bach for

    his 2009 and 2010 FBAR penalty assessments in the aggregate amount of **$853,119.20** as

    of May 26, 2017, plus accruals and such other and further relief as the Court deems just

    and proper; and

2.  That the United States shall recover a surcharge of 10% of the amount of the debt as

    authorized under 28 U.S.C. § 3011 in the event that it uses any of the pre-judgment or

    post-judgment debt collection remedies under 28 U.S.C. § 3101 et seq., and 28 U.S.C.

    § 3201 *et seq.*, respectively.

RYAN K. PATRICK
United States Attorney

/s/ Curtis C. Smith
CURTIS SMITH
Attorney-In-Charge
Arizona Bar No. 026374
Fed. ID No. 1092406
Attorneys, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas  75201
(214) 880-9754 (Curtis)
(214) 880-9742 (facsimile)
Curtis.Smith@usdoj.gov

ATTORNEYS FOR UNITED STATES