United States District Court
Southern District of Texas
**ENTERED**
July 09, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:18-CV-84 |
| | § | |
| HOWARD BACH | § | |

## MEMORANDUM & ORDER

The Government brought this suit to recover civil penalties assessed against Defendant Howard Bach for willful failure to report his financial interest in foreign bank accounts during tax years 2009 and 2010. Now pending is the Government's Motion for Default Judgment under Federal Rule of Civil Procedure 55. (Dkt. 13.) For the reasons discussed below, the Government's motion is hereby granted as to Defendant's liability but denied as to damages.

### Background

The 1970 Currency and Foreign Transactions Reporting Act, also known as the Bank Secrecy Act, "regulates offshore banking and contains a number of recordkeeping and inspection provisions." *United States v. Under Seal*, 737 F.3d 330, 333 (4th Cir. 2013); *see Cal. Bankers Ass'n v. Shultz*, 416 U.S. 21, 26–30 (1974) (discussing the legislative history of the BSA). Among those provisions are 31 U.S.C. § 5314 and its implementing regulations, which require U.S. taxpayers to file annual Reports of Foreign Bank and Financial Accounts (FBARs) disclosing any interests of more than $10,000 they hold in foreign bank accounts.

The Government alleges that Defendant, a United States citizen who resides in Laredo, Texas, violated § 5314 by failing to report his interests in two foreign bank accounts during tax years 2009 and 2010. (Dkt. 1 at 1–7.) Although he did report his interest in one securities account at Zürcher Kantonalbank (ZKB) in Switzerland, Defendant allegedly failed to disclose

two other foreign accounts—a checking account at BNP Paribas (BNP) in France and a securities retirement account at Lienhardt & Partner (L&P) in Switzerland. (*Id.* at 3; Dkt. 13 at 1–2.) In 2011, Defendant entered into the IRS's Offshore Voluntary Disclosure Initiative (OVDI), which could have reduced his financial liability in exchange for full disclosure of his foreign accounts. (Dkt. 13 at 2.) However, Defendant ultimately failed to sign a closing agreement with the Government to resolve his FBAR liability and was removed from OVDI in October of 2014. (Dkt. 1 at 4.) In 2016, the IRS assessed penalties of $801,834.00 against Defendant for willful failure to file FBARs for his BNP and L&P accounts in tax years 2009 and 2010.[1] (*Id.* at 7.)

When Defendant did not pay, the Government instituted this action to collect those penalties, plus accrued interest, late payment penalties, and other fees. (Dkt. 1.) Defendant was properly served on June 21, 2018. (Dkt. 3.) *See* Fed. R. Civ. P. 4(e)(2)(B). However, Defendant has not answered the complaint or otherwise appeared in this case. On January 17, 2019, the Clerk of Court entered Defendant's default. (Dkt. 7.) Three months later, the Government filed this motion for default judgment. (Dkt. 13.)

## Legal Standard

Federal Rule of Civil Procedure 55 authorizes the Court to enter a default judgment against a defendant who has failed to plead or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a)–(b). A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. *United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Because the consequences of default judgment are so severe, a plaintiff is not entitled to a default judgment merely because the defendant is technically in default. *See Ganther v.*

---

[1] Although Defendant failed to file FBARs in prior tax years as well, the IRS could not assess penalties for those years due to the six-year statute of limitations. (Dkt. 1 at 7–8.) *See* 31 U.S.C. § 5321(b)(1).

*Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam); *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Rather, a plaintiff must complete a three-step process to secure a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, default occurs automatically when a defendant fails to respond to the complaint within the time prescribed by Rule 12 of the Federal Rules of Civil Procedure. *Id*. Once the default has been established by affidavit or otherwise, the Clerk of Court may enter the defendant's default. Fed. R. Civ. P. 55(a). Finally, a plaintiff may apply to the Court for a default judgment. Fed. R. Civ. P. 55(b).

A default judgment is warranted only if it is "supported by well-pleaded allegations [of fact]." *Sec. & Exch. Comm'n v. McDuff*, 697 F. App'x 393, 394 (5th Cir. 2017) (per curiam) (quoting *Nishimatsu*, 515 F.2d at 1206). Once default has been entered by the Clerk, all well-pleaded factual allegations are taken as true, but they do not conclusively establish the appropriate amount of damages. *Nishimatsu*, 515 F.2d at 1206; *Bazan v. JPMorgan Chase Bank*, 2014 WL 12531349, at *2 (S.D. Tex. June 19, 2014). Instead, damages must be proved via detailed affidavits, documentary evidence, or the record itself. *Compass Bank v. Alarcon*, 2017 WL 3253096, at *1 (S.D. Tex. Feb. 24, 2017).

## Discussion

### A.  Liability

A claim by the Government to collect civil penalties for a willful violation of 31 U.S.C. § 5314 consists of seven elements: "(1) [the defendant] was a U.S. citizen (or other qualified person) at the time of [his] filing; (2) [he] had a financial interest in or signatory authority over the account at issue; (3) the account balance exceeded $10,000; (4) the account was in a foreign country; (5) [he] failed to disclose the account; (6) the failure was willful; and (7) the amount of

the proposed penalty is proper." *United States v. Kelley-Hunter*, 281 F. Supp. 3d 121, 124 (D.D.C. 2017); *see United States v. McBride*, 908 F. Supp. 2d 1186, 1201 (D. Utah 2012).

The Government's complaint pleads facts that satisfy each of these seven elements. Specifically, the Government alleges that (1) Defendant is a U.S. citizen who (2) had a financial interest in two accounts with (3) balances of more than $10,000 (4) located in foreign countries. (Dkt. 1 at 3–4.) The Government also alleges that (5) Defendant failed to disclose the foreign accounts in tax years 2009 and 2010, and that (6) those failures were willful.[2] (*Id.* at 4–6.) As to the seventh and final element, the complaint requests damages that fall well within range of penalties contemplated by statute.[3]

The Government has also met the procedural requirements of Rule 55 by requesting and obtaining the Clerk's entry of default (Dkts. 6–7) and providing proof that Defendant is not statutorily protected from default judgment (Dkt. 13, Attach. 1–2). Finally, the Government is not required to serve Defendant with written notice of the application for default judgment because Defendant failed to appear personally or by a representative. *See* Fed. R. Civ. P. 55(b)(2). Thus, the Court finds sufficient, well-pleaded facts to establish Defendant's liability. *See Nishimatsu*, 515 F.2d at 1206.

---

[2] A defendant willfully violates the reporting requirement "when he either knowingly or recklessly fails to file" an FBAR. *Bedrosian v. United States*, 912 F.3d 144, 152 (3d Cir. 2018); *see United States v. Brandt*, 2018 WL 1121466, at *3 (S.D. Fla. Jan. 24, 2018). In this case, the fact that Defendant disclosed *one* of his three foreign accounts strongly suggests that he knew about his filing obligation and deliberately concealed his other two accounts. (Dkt. 1 at 6.)

[3] A willful FBAR violation can result in a civil penalty of up to 50% of the balance of each foreign account or $100,000, whichever is greater. 31 U.S.C. § 5321(a)(5)(C). In this case, the IRS's penalty assessment of $801,834.00 represents far less than 50% of the balance of Defendant's accounts. (*See* Dkt. 1 at 4, 7.) The complaint does not indicate how the IRS reached this assessment, though it suggests the agency may have exercised its discretion to abate some portion of the penalties. (*Id.* at 7.)

**B.      Damages**

As a general rule, a district court may not award damages without holding an evidentiary hearing unless "the amount claimed is a liquidated sum or one capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). The plaintiff must prove its damages by "declarations, calculations, and other documentation" establishing the reasonableness of the demand and the methods by which it was determined. *United States v. Katwyk*, 2017 WL 6021420, at *5 (C.D. Cal. Oct. 23, 2017); *see Alarcon*, 2017 WL 3253096, at *1. If damages cannot be computed with certainty based on the plaintiff's submissions, a district court may grant default judgment on the issue of liability alone and request additional evidence of damages from the plaintiff. *Yeager v. Brand*, 2018 WL 1770485, at *5 (N.D. Miss. Apr. 12, 2018).

Here, the Government requests that the Court enter judgment against Defendant for $853,119.20, plus an unspecified amount of interest and additional accruals.[4] (Dkt. 13 at 5.) However, the Government has not provided any proof of the original IRS assessment—much less an explanation of how that assessment was reached—nor has it attached an affidavit or other proof of how the interest and penalties it seeks were calculated. (Dkt. 13.) *See, e.g.*, *United States v. Yermian*, 2016 WL 1399519, at *4 (C.D. Cal. Mar. 18, 2016) (enumerating the items of proof the Government submitted to support its entitlement to FBAR penalties, late-payment fees, and interest). In fact, the Government has not even specified the total amount of damages it seeks.

In light of these deficiencies, the Court will grant the Government's motion for default judgment as to liability only. *See Fazeli v. Saleh*, 2018 WL 4539093, at *5–8 (N.D. Tex. Sep. 21,

---

[4] In its initial complaint, the Government also requested a surcharge of 10% of the amount of debt as authorized under 28 U.S.C. § 3011. (Dkt. 1 at 8.) The Government appeared to abandon this claim in its motion for default judgment. (*See* Dkt. 13 at 5.)

2018). No damages will be awarded unless the Government provides timely and satisfactory proof of its entitlement to a specific amount of relief.

## Conclusion

For the foregoing reasons, the Government's Motion for Default Judgment (Dkt. 13) is hereby GRANTED IN PART as to Defendant's liability and DENIED IN PART as to damages. The Government is hereby ORDERED to provide proof of the damages it seeks or to request an evidentiary hearing no later than **Tuesday, July 30, 2019**.

IT IS SO ORDERED.

SIGNED this 9th day of July, 2019.

_____
Diana Saldaña
United States District Judge